JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney
VICTORIA R. CARRADERO (CSBN 217885)
Assistant United States Attorney

U.S. Attorney's Office/Civil Division
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7322
Facsimile: (415) 436-6748
E-mail: michael.t.pyle@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SASKIA RUSSELL ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. 08-5651 TEH <br><br> **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES;** [PROPOSED] **ORDER** |

THE PARTIES AND THEIR ATTORNEYS OF RECORD HEREBY SUBMIT THE FOLLOWING STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE (hereinafter, "Stipulation and Agreement"):

IT IS HEREBY STIPULATED AND AGREED as follows:

1. The parties to this Stipulation and Agreement are plaintiffs Saskia Russell and Saskia Russell's minor children for which the Court has appointed her as Guardian Ad Litem: Chantz Russell, Hudson Russell, Maverick Russell, and Brodin Russell (hereinafter "Plaintiffs"), on the one hand, and all of the named defendants, including the United States of America and United States Coast Guard, on the other hand. The named defendants, including the United States of

1  America and United States Coast Guard are collectively referred to in this Stipulation and
2  Agreement as "the Defendants." Plaintiffs and the Defendants are collectively referred to in this
3  Stipulation and Agreement as "the Parties" and individually as a "Party."

4      2. Plaintiffs and the Defendants hereby agree to settle and compromise the above-entitled
5  action under the terms and conditions set forth herein, which agreement shall not become
6  effective until such time as the Court issues an order approving Plaintiffs' motion to approve a
7  compromise settlement by a minor (the "Effective Date").

8      3. The United States of America agrees to pay to Plaintiffs and their counsel the sum of Two
9  Hundred and Fifty Thousand Dollars and No Cents ($250,000), under the terms and conditions
10 set forth herein, which sum shall be in full settlement and satisfaction of any and all claims,
11 demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason
12 of any and all known and unknown, foreseen and unforeseen bodily, mental, emotional, physical
13 and personal damages or injuries of any kind, property loss or damage of any kind, and the
14 consequences thereof, resulting, and to result, from the same subject matter that gave rise to the
15 above-captioned lawsuit, for which Plaintiffs, their heirs, executors, administrators, or assigns,
16 and each of them, now have or may hereafter acquire against the United States of America or its
17 agents, servants, and employees.

18     4. Plaintiffs and their heirs, executors, administrators or assigns hereby agree to accept the
19 sum of Two Hundred and Fifty Thousand Dollars and No Cents ($250,000) from the United
20 States of America in full settlement and satisfaction of any and all claims, demands, rights, and
21 causes of action of whatsoever kind and nature, arising from, and by reason of any and all known
22 and unknown, foreseen and unforeseen bodily, mental, emotional, physical and personal damages
23 or injuries of any kind, property loss or damage of any kind, and the consequences thereof which
24 they may have or hereafter acquire against the United States of America or its agents, servants
25 and employees on account of the same subject matter that gave rise to the above-captioned
26 lawsuit. Plaintiffs and their heirs, executors, administrators or assigns further agree to reimburse,
27 indemnify and hold harmless the United States of America and its agents, servants or employees
28 from any and all such causes of action, claims, liens, rights, or subrogated or contribution

1 interests incident to or resulting from further litigation or the prosecution of claims by Plaintiffs
or their heirs, executors, administrators or assigns against the United States of America.

5. In consideration of the payment of Two Hundred and Fifty Thousand Dollars and No Cents ($250,000) by the United States of America and the other terms of this Stipulation and Agreement, Plaintiffs agree to immediately upon execution of this Stipulation and Agreement, execute the accompanying Stipulation For Dismissal with Prejudice, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action, which is captioned <u>Saskia Russell et al. v. United States of America</u>, C08-5651 TEH. The fully executed Stipulation For Dismissal with Prejudice will be held by counsel for the United States of America and will not be filed with the Court until after the payment to be made by the United States of America pursuant to this Stipulation and Agreement has been made.

6. This Stipulation and Agreement is entered into by all Parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of any Party.

7. It is agreed, by and among the Parties, that no Party may make any claim for attorney's fees or other costs or expenses of litigation against the Defendants, their agents, servants, or employees in connection with the above-captioned lawsuit.

8. It is agreed, by and among the Parties, that this Stipulation and Agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by this Stipulation and Agreement.

9. It is agreed, by and among the Parties, that the Two Hundred and Fifty Thousand Dollars and No Cents ($250,000) paid by the United States of America represents the entire amount of the compromise settlement and that the respective Parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the Plaintiffs will be paid out of the settlement amount and not in addition thereto.

10. The Two Hundred and Fifty Thousand Dollars and No Cents ($250,000) paid by the United States of America will be made by wire transfer or other electronic means to a bank

C08-5651 TEH                                3

account to be designated in writing by Plaintiffs' counsel. Plaintiffs' counsel agrees to promptly provide Defendant's counsel with the necessary information, such as Tax I.D. and banking information, for payment of the Settlement Amount. Plaintiffs' counsel shall be responsible for distributing the funds transferred to the bank account designated in writing by Plaintiffs' counsel to Plaintiffs. If any withholding or income tax liability is imposed upon Plaintiffs or Plaintiffs' counsel based on payment of the settlement sum as set forth herein, Plaintiffs and Plaintiffs' counsel shall be solely responsible for paying any such liability. Plaintiffs and Plaintiffs' counsel will indemnify and hold harmless the United States of America from any liability that may be incurred from any government agency arising out of any failure by Plaintiffs or Plaintiffs' counsel to pay any tax liability they might be responsible for from any government agency.

11. Plaintiffs have been informed that the payment of the Two Hundred and Fifty Thousand Dollars and No Cents ($250,000) may take up to 90 days from the Effective Date of this Stipulation and Agreement, as defined above in paragraph 2, to process, but Defendant agrees to make good faith efforts to expeditiously process the payment.

12. Plaintiffs forever release and discharge the United States of America and any and all of their past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in Plaintiffs' pleadings in this action.

13. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

The Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by an attorney of Plaintiffs' own choosing, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights each Plaintiff may have pursuant to the provision of that statute and any similar provision of federal law. The Plaintiffs understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other

than or different from the facts now believed by each Plaintiff to be true, this Stipulation and Agreement shall be and remain effective notwithstanding such material difference.

14. The Parties agree that this Stipulation and Agreement is intended to be a full and final settlement of all claims arising out of the allegations set forth in Plaintiffs' pleadings in this action.

15. This Stipulation and Agreement shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Stipulation and Agreement has been freely and voluntarily entered into by the Parties hereto with the advice of counsel of each Party's choosing, which counsel have explained the legal effect of this agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation and Agreement. This Stipulation and Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the Parties or their authorized representatives.

16. The Parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

17. Each Party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the Parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any Party hereto by virtue of the drafting of this Stipulation and Agreement.

18. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This Stipulation and Agreement shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Stipulation and Agreement. The Parties

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASES; [PROPOSED] ORDER
C08-5651 TEH                                    5

1 further acknowledge that no warranties or representations have been made on any subject other
2 than as set forth in this Stipulation and Agreement.
3     19. The Parties agree that, should any dispute arise with respect to the implementation of the
4 terms of this Stipulation and Agreement, no Party shall seek to rescind the Stipulation and
5 Agreement and pursue any of the original causes of action. Each Party's sole remedy in such a
6 dispute is an action to enforce the Stipulation and Agreement in district court. The Parties agree
7 that the district court will retain jurisdiction over this matter for the purposes of resolving any
8 dispute alleging a breach of this Stipulation and Agreement. This Stipulation and Agreement
9 may be signed in counterparts, and any signature on a signature page transmitted by facsimile or
10 by PDF shall be treated the same as an original signature and shall be deemed binding and fully
11 effective.
12     20. The Parties further agree that the filing of this executed Stipulation and Agreement shall
13 notify the Court of the agreement by Plaintiffs and the United States to vacate all pending
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

discovery, motion hearing dates, settlement or pretrial deadlines and trial date associated with this litigation.

DATED: February 23, 2010

_____
Saskia Russell, Plaintiff

DATED: February 23, 2010

_____
Saskia Russell, as Guardian ad litem for Plaintiff Chantz Russell, a minor

DATED: February 27, 2010

_____
Saskia Russell, as Guardian ad litem for Plaintiff Hudson Russell, a minor

DATED: February 27, 2010

_____
Saskia Russell, as Guardian ad litem for Plaintiff Maverick Russell, a minor

DATED: February 23, 2010

_____
Saskia Russell, as Guardian ad litem for Plaintiff Brodin Russell, a minor

DATED: February 28, 2010       By: _____
                                    CLAYTON KENT
                                    Attorney for Plaintiffs

                                JOSEPH P. RUSSONIELLO
                                United States Attorney

DATED: ~~February~~ March 18, 2010   By: _____
                                    MICHAEL T. PYLE
                                    Assistant United States Attorney
                                    Attorneys for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: 03/22/10

_____
HON. THELTON E. HENDERSON
United States District Judge

Judge Thelton E. Henderson

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND ORDER
C08-5651 TEH
7